### HARRIS & CO., DEMANDANTES Y APELADOS, *v.* BARBOSA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre cobro de dinero.

No. 1907.—Resuelto en enero 31, 1919.

HONORARIOS DE ABOGADOS—COSTAS CIVILES—SENTENCIA SIN JUICIO—COMPARECENCIA DEL DEMANDADO.—Cuando un demandado, creyendo hacer uso del derecho que concede el artículo 358 y siguientes del Código de Enjuiciamiento Civil, comparece al único objeto de consentir que se dicte sentencia y efectivamente tal sentencia se dicta en su contra, no produciendo ningún verdadero perjuicio en contra del demandante, la concesión de honorarios de abogado va contra el espíritu de las leyes de 1908 y 1917 relativas a costas y honorarios de abogado, toda vez que ellas no conceden honorarios si deja de comparecer el demandado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Mendín.*

Abogado de los apelados: *Sr. Manuel Benítez Flores.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Juan Barbosa debía a la John B. Harris Co. la suma de $984.18 que rehusó pagar y la Harris Co. demanda a Barbosa y le embarga bienes de éste. Entonces Barbosa comparece ante la corte y, creyendo proceder con arreglo al artículo 358 y siguientes del Código de Enjuiciamiento Civil, consintió en que se dictase sentencia en su contra y después de

una lucha obtuvo permiso de la corte para consignar el importe de la sentencia con sus intereses más cinco dollars por concepto de costas.

El apelado presentó una minuta de costas en la que se incluían otras partidas que no fueron concedidas por la corte. Después de un número de esfuerzos preliminares por parte de ambos litigantes la orden de la corte declara bien hecha la consignación del importe de la sentencia, sus intereses y costas, pero que pagase el demandado al demandante la suma de $250 por concepto de honorarios de abogado. La apelación versa solamente sobre la concesión de esos $250.

Ahora bien, aun cuando el apelado insiste en que debieron pagársele por el apelante otras sumas de dinero por concepto de costas y demás dicho apelado no ha interpuesto recurso de apelación y es de presumirse concluyentemente que la orden de la corte en tanto en cuanto produzca efectos contra dicho apelado es definitiva y estuvo bien dictada. En otras palabras que el apelante en la corte inferior consignó la debida cantidad por concepto de costas.

De acuerdo con las leyes de 1908 y 1917 con respecto a costas y honorarios, no se concederán los honorarios cuando el demandado deja de comparecer. El demandado técnicamente quizás radicó su comparecencia, pero en definitiva, dadas las órdenes dictadas por la corte, la única dificultad ocasionádale al demandante fué causada por la tentativa de éste al reclamar materias que fueron finalmente denegadas por la corte. Nada salvo una interpretación literal del concepto de "comparecencias" le daría a la corte discreción para conceder honorarios de abogado y cuando el único objeto del demandado es someterse para que se dicte sentencia y para el pago de la misma, la concesión de honorarios de abogado va contra el espíritu de las leyes de 1908 y 1917. Por tanto, estimamos que no debieron concederse los honorarios de abogado en este caso aun cuando tuviese la corte dis-

creción para ello, y que la orden recurrida debe ser modificada
y levantarse el embargo trabado.

> *Confirmada la resolución apelada en cuanto*
> *por ella se declaró bien hecha la consigna-*
> *ción del demandado; pero revocándola en*
> *cuanto a la concesión de $250 por honora-*
> *rios de abogado y ordenando la cancelación*
> *del embargo trabado.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro, Aldrey y Hutchison.